IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JESUS AYALA | § | |
| v. | § | CIVIL ACTION NO. 6:16cv612 |
| | | consolidated with |
| BRAD LIVINGSTON, ET AL. | § | CIVIL ACTION NO. 6:16cv1144 |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jesus Ayala, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Ayala complains that Texas does not pay wages to state prisoners, but provides a "good time/ work time" compensation plan. However, he asserts that the compensation provided under this plan cannot be used to purchase goods or services, nor can it be used to shorten a prisoner's sentence. When a prisoner is released to parole or mandatory supervision, he must sign a waiver of all rights and interest in any and all accrued good time and work time. State law permits the Texas Board of Pardons and Paroles and the Texas Department of Criminal Justice to not restore good time or work time for most parole or mandatory supervision violators.

Ayala argues that this system of compensation violates 18 U.S.C. 1589, prohibiting the obtaining of labor or services of a person by means of harm or threats or harm, as well as Article I, §10 of the Constitution, prohibiting states from creating a currency. He complains that he was not sentenced to slavery or involuntary servitude as part of his sentence, and forcing him to work

1

impermissibly enhances his sentence. Other punishments for refusing to work may include transfers to distant prison units, loss of previously accrued privileges or good time, or classification to higher levels of confinement.

Ayala argues that accumulating two and a half years of calendar time and two and a half years of good time should discharge a sentence. Otherwise, because both parole and mandatory supervision are discretionary, good time and work time credits have no value. He claims Tex. Rev. Civ. Stat. Ann. art. 6166x and 6166x-1, as well as Texas Gov. Code art. 501.016, provide that work time credits reduce the term of a sentence. Thus, he contends that the failure to release a prisoner when his sentence expires through the operation of flat time plus good time is a double jeopardy violation.

For relief, Ayala asks that the Defendants be ordered to stop obtaining prisoner labor by force, coercion, or threats unless upon express written and voluntary consent to such labor or services. He further requested that all prisoners be compensated for any and all labor or services through the placement of money in each prisoner's inmate trust account fund and that prisoners be compensated for good time or work time which has been taken away.

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed as frivolous or for failure to state a claim upon which relief may be granted. The Magistrate Judge stated that requiring prisoners to work without compensation does not violate the Constitution or amount to slavery or involuntary servitude. The Magistrate Judge further observed that under Texas law, good time and work time are the same, and serve only to advance eligibility for release on parole or mandatory supervision. Although Ayala cites Tex. Rev. Civ. Stat. Ann. art. 6166-x, the Magistrate Judge stated that this statute was repealed in 1989.

Ayala is serving multiple life sentences for aggravated sexual assault as well as various other offenses including indecency with a child, sexual performance by a child, and possession of child pornography. These offenses render him ineligible for release on mandatory supervision and his

2

parole eligibility is calculated without regard to good time or work time, which the Magistrate Judge noted are the same; work time is simply good time which is given for working. He is eligible for release on parole in 2032. The Magistrate Judge stated that the fact Ayala's parole eligibility is calculated without consideration of good time is not a constitutional violation.

The fact Ayala is not eligible for release on mandatory supervision means that he does not have a liberty interest in his good time credits. Thus, the Magistrate Judge determined that the fact Ayala may have lost such credits through the disciplinary process or by other means did not implicate any constitutionally protected liberty interests.

Because good time and work time do not reduce the length of a sentence, the Magistrate Judge determined that Ayala failed to show a double jeopardy violation. Ayala is not being held past his sentence expiration date because his life sentences plainly have not expired.

The Magistrate Judge also stated that the Texas system of good time and work time does not create a "currency" in violation of Article I, §10 of the Constitution and that the possibility a prisoner may be transferred for refusing to work, separating him from his family and friends, is not a constitutional violation.

### III. Ayala's Objections

In his objections, Ayala states that the Magistrate Judge misconstrued his complaint without first-hand knowledge of what statutory law he stands on to proclaim his right to discretionary mandatory supervision, citing *Owens v. Stalder*, 638 F.App'x 277 (5th Cir. 2016) and *Teague v, Quarterman*, 482 F.3d 769, 776 (5th Cir. 2007). *Owens* is a Louisiana case applying the law of that State concerning good time, and the plaintiff in *Teague* was eligible for mandatory supervision. Ayala is not eligible for release on mandatory supervision under Texas law. Tex. Gov. Code art. 508.145(d). Ayala asserts that he was not sentenced to life without parole, and his TDCJ-CID records confirm this - as the Magistrate Judge stated, he is eligible for parole in 2032. The fact that his parole eligibility is computed without regard to good time comports with Texas law and is not unconstitutional. Tex. Gov. Code art. 508.145(b); *Gordon v. Perry*, civil action no. 5:06cv242, 2007

U.S. Dist. LEXIS 8244, 2007 WL 438253 (E.D.Tex., February 6, 2007), *aff'd* 259 F.App'x 651, 2007 U.S. App. LEXIS 28869, 2007 WL 4373046 (5th Cir., December 13, 2007), *cert. denied*, 553 U.S. 1082 (2008) (state has a legitimate interest in prohibiting certain violent offenders from obtaining early release). Ayala's objection on this point is without merit.

Next, Ayala states that an amendment to Tex. Gov. Code art. 508.141 adds a subsection (h) providing that the parole board shall give special consideration to the amount of good time accrued by the inmate. The current version of Article 508.141 does not have a subsection (h), nor does it contain any language regarding special consideration for the amount of good time accrued; Ayala states that this amendment will go into effect on September 1, 2017. Even assuming that Article 508.141 has been amended as Ayala says, this provision would not change his eligibility date, which is still 15 years in the future. Whether or not the parole board in 2032 will give adequate consideration to the good time Ayala will have accrued by then is speculation. *See Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2001) (it is entirely speculative whether a prisoner will be released on parole, and there is no liberty interest in parole, so any delay in prisoner's parole consideration cannot support a constitutional claim). This objection is without merit.

Ayala again cites *Teague* in maintaining that he has a constitutional expectancy in early release. As the Magistrate Judge explained, the plaintiff in *Teague* was eligible for release on mandatory supervision, giving him a liberty interest in his earned good time. *Teague*, 482 F.3d at 774 (no right or constitutional expectancy of early release on parole). Ayala is not eligible for release on mandatory supervision and thus has no protected expectancy of early release, nor any constitutionally protected interest in his good time. This objection is without merit.

Ayala states that good time and work time credits are not the same, but are "separate privileges earned on a daily basis." He claims that they serve to double the amount of credits earned toward an inmate's sentence reduction. The Magistrate Judge correctly determined that under Texas law, work time is simply good time given for working and neither good time nor work time reduce

4

the term of a prisoner's sentence. Texas Gov. Code Ann. art. 498.003(d); *Ex Parte Hallmark*, 883 S.W.2d 672, 674 (Tex.Crim.App. 1994). These objections are without merit.

Ayala complains that his case was severed out of a larger case filed by a number of prisoners raising these issues. The severance was proper under the Prison Litigation Reform Act and Fed. R. Civ. P. 18 and 20. *See Bouribone v. Berge*, 391 F.3d 852, 854-76 (7th Cir. 2004); *Hubbard v. Haley*, 262 F.3d 1194, 1996 (11th Cir. 2001), *cert. denied*, 534 U.S. 1136 (2002). Ayala's claims have no merit whether brought individually or as part of a larger case. His objection on this point is without merit.

Finally, Ayala contends that the prison has placed certain inmates, presumably including himself, on "closed custody cell restrictions" for over two years, meaning that those inmates receive only sack meals, receive no recreation, are not permitted to attend church, get no dayroom time, showers only every other day, and are confined to their cells for 18 to 23 hours a day. None of these allegations were raised in his original complaint, but are presented for the first time in his objections. The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *Finley v. Johnson*, 243 F.3d 215, 218 n.3 (5th Cir. 2001). These claims are not part of this lawsuit and are not properly before the Court. Ayala's objections are without merit.

## IV. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 9) is **ADOPTED** as the opinion of the District Court. It is further

5

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* as frivolous and for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So Ordered and Signed**
**Sep 14, 2017**

_____
Ron Clark, United States District Judge